IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Criminal Case No.  06-cr-00342-LTB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

KENNETH DEAN STURM,

        Defendant.

_____

ORDER
_____

Following hearing at the April 8, 2009 preliminary trial preparation hearing,  IT IS HEREBY ORDERED as follows:

1.  Defendant's Motion *In Limine* Re: "Government's Amended Supplement To Notice of Intent to Use Evidence..." [Dkt # 161] And "Government's Explanation of Exhibits And Summary of 404(b) Testimony in Support Of... (Dkt # 161)" [Dkt #182] and Other Evidence [**Doc # 197 - filed 01-05-09**] is GRANTED IN PART and DENIED IN PART as follows:

¶1) Defendant's objection to the proffered evidence previously ruled admissible is CONDITIONALLY DENIED pursuant to Fed. R. Evid. 103(a);

¶2) Defendant's objection to the proffered testimony of Agent Kevin Laws regarding his law enforcement experience is CONDITIONALLY DENIED pursuant to Fed. R. Evid. 103(a);

¶3) Defendant's objection to the Government's use of his prior convictions – for failure to register as a sex offender and pandering – for impeachment purposes is CONDITIONALLY GRANTED pursuant to Fed. R. Evid. 103(a);

¶4) Defendant's objection to evidence of his probation assessments and treatment evaluations is CONDITIONALLY DENIED pursuant to Fed. R. Evid. 103(a);

¶5) Defendant's objection to the proffered testimony of Special Agent Anna Wells

regarding her investigation of websites found in his internet history is DENIED;

¶6) Defendant's objection to the proffered uncharged images of child pornography found in temporary internet files is CONDITIONALLY DENIED pursuant to Fed. R. Evid. 103(a);

¶7) Defendant's objection to the proffered "snaphots" of websites found in temporary internet files is DENIED;

¶8) Defendant's objection to the proffered testimony of Special Agent Victoria Becchina regarding the investigation of Illegal.CP.com is DENIED;

¶9) Defendant's objection to the testimony of objects found by law enforcement in his bedroom during the execution of the search warrant is CONDITIONALLY GRANTED pursuant to Fed. R. Evid. 103(a);

¶10) Defendant's objection to "General Testimony on Policy for Prosecution of Child Pornography" is CONDITIONALLY GRANTED pursuant to Fed. R. Evid. 103(a);

¶11) Defendant's objection to testimony from law enforcement regarding contact with his daughter and/or her mother is CONDITIONALLY GRANTED pursuant to Fed. R. Evid. 103(a);

¶12) Defendant's objection to the testimony regarding his guilty plea to possession of a firearm is CONDITIONALLY GRANTED pursuant to Fed. R. Evid. 103(a);

¶13) Defendant's objection to the internet history entries found in the index.dat files dated June 29 and 30, 2005 (Government's Proffered *Exhibit # 37*) is CONDITIONALLY DENIED pursuant to Fed. R. Evid. 103(a); and Defendant's objection to the data entries of 3 images of child erotica that were downloaded on June 29 and 30, 2005 (Government's Proffered *Exhibits # 38-40*) is CONDITIONALLY GRANTED pursuant to Fed. R. Evid. 103(a);

¶14) Defendant's objection to the two uncharged images of child pornography from the unallocated space (Government's Proffered *Exhibits # 41-42*) is CONDITIONALLY DENIED pursuant to Fed. R. Evid. 103(a);

¶15) Defendant's objection to proffered testimony of 400 thumbnail images found in the thumbs.db file (Government's Proffered *Exhibits #43-45*) is CONDITIONALLY DENIED pursuant to Fed. R. Evid. 103(a);

¶16) Defendant's objection to proffered testimony of Special Agent Redling regarding data entries found in internet history files involved typing search terms into an AOL search engine, and where those search terms then appear in the index.dat entry, is DENIED;

¶17) Defendant's objection to his own image found in the thumbs.db file (Government's Proffered *Exhibits # 46*) is CONDITIONALLY DENIED pursuant to Fed. R. Evid. 103(a);

¶18) Defendant's objection to proffered testimony from Thornton Police Detective Robin Danni & Adams County Probation Officer James Miller is DENIED;

¶19) Defendant's objection to proffered testimony of Det. Michael Magianzzo that one of the charged images is of a child known to him is DENIED;

¶20) Defendant's objection to proffered testimony of Officer Sharon Girling that one of the charged images is of a child known to him is DENIED;

¶21) Defendant's objection to evidence of his prior conviction for masturbating in a car is CONDITIONALLY GRANTED pursuant to Fed. R. Evid. 103(a).

2. A hearing on the Proposed Jury Questionnaire is set for **Thursday, May 28, 2009, at 9:00 a.m.** Counsel shall file a joint proposed Jury Questionnaire on or before **April 17, 2009**;

3. A Final Trial Preparation Conference is set for **Friday, May 29, 2009 at 9:00 a.m.** At that hearing, Government shall filed its final exhibit list, final witness list, proposed *voir dire* questions and proposed jury instructions, and Defendant shall file his exhibit list, witness list, any proposed special jury instruction, and proposed *voir dire* questions; and

4. A two week jury trial is set to commence on **Monday, June 8, 2009 at 9:00 a.m**. Trial days will run from 9:00 am until 2:00 pm.

Dated: April  8 , 2009 in Denver, Colorado.

                    BY THE COURT:

                    s/Lewis T. Babcock
                    LEWIS T. BABCOCK, JUDGE